## Case No. 7,844.

### In re KIRKLAND et al.

[14 N. B. R. 157;[1] 22 Int. Rev. Rec. 273; 8 Chi. Leg. News, 410; 23 Pittsb. Leg. J. 207.]

District Court, D. Maryland. March 10, 1876.

CUSTOMS DUTIES—PRIORITY—SUBROGATION.

A party who purchased an imported article duty free, and was compelled to pay the duty in order to get possession thereof, is entitled to priority, although he has proved his claim as unsecured.

At various times during the year 1872 William Bayne & Co. purchased sugar in bond from the bankrupts, amounting in the aggregate to one hundred and eighty hogsheads, duty free. In payment for this they gave notes to the bankrupts to the amount of fifty thousand dollars, which were indorsed by the bankrupts and passed for value to bona fide holders. The bankrupts paid duty on the sugar from time to time until their failure, when a balance still remained unpaid. On the 5th day of October, 1872, the purchasers paid four thousand eight hundred and nineteen dollars and forty-six cents, to purchase four thousand two hundred and twenty-seven dollars and sixty cents in gold in order to pay duties, and on the 2d day of December, 1872, their trustees paid one thousand and sixty-seven dollars and nineteen cents, to purchase nine hundred and forty-four dollars and forty-two cents in gold in order to pay duties. The proceedings in bankruptcy in this case were commenced on the 7th day of October, 1872. Wm. Bayne & Co. also failed, and on the 15th day of October, 1872, made an assignment for the benefit of creditors to Andrew Reid, James Hooper, Jr., and P. S. Chappel. Including the claim for duties, there was due from the bankrupts to Wm. Bayne & Co. the sum of twenty-three thousand five hundred and eighteen dollars and twenty-three cents. On the 25th day of October, 1872, the trustees proved this claim. The holders of the notes given for the sugar, having received a dividend from the estate of Wm. Bayne & Co. of fifty-five per cent., also proved for the balance against the bankrupts, who were the indorsers. The assignees contested the claim of the trustees of Wm. Bayne & Co., on the ground that they had a right to set off such dividends as they might be compelled to pay to the holders of the notes. This controversy was referred to an arbitrator, who, on the 6th day of August, 1873, awarded "that the trustees of Wm. Bayne & Co. are entitled to a dividend from the estate of Kirkland, Chase & Co., upon the claim of twenty-three thousand five hundred and eighteen dollars and twenty-three cents, equally with the other creditors of that estate, and that Kirkland, Chase & Co. cannot set up the matter of the dividends they may have to pay the holders of the notes as

1 [Reprinted from 14 N. B. R. 157, by permission.]

any bar to the present allowance." After this the trustees received dividends on the claim from time to time, the amount received on the money paid out for duties being eight hundred and seventy-eight dollars and sixty-seven cents. When the trustees proved their claim they were not aware of their right to a priority, but soon afterward they were aware that D. J. Foley, Bro. & Co. had filed a petition claiming such a right on their claim. In June, 1875, after the decision of the circuit court on that petition [Case No. 7,843], the trustees notified the assignees of their claim to priority. It was conceded that the assignees had funds sufficient to pay the claim, if it were allowed. When the sugar was entered at the warehouse, the bankrupts gave a bond with John C. Bridges and Wm. D. Shurtz as sureties. The sureties also failed, but their estates at the time of the payment of the duties were amply sufficient to pay the claims of the United States. Andrew Reid, sole surviving trustee, on the 20th day of October, 1875, filed a petition claiming priority for the sum of five thousand and seven dollars and ninety-eight cents, being the balance of the money paid for duty. The assignee filed an answer. setting up the award, the proof of the claim, the laches of the petitioner, and the statute of limitations of two years.

Wallis & Thomas, for petitioner.
Brown & Brune, for assignees.

GILES, District Judge. Let an order be entered that the assignees pay to Andrew Reid, out of the money now in their hands, the sum of five thousand and seven dollars and ninety-eight cents, with interest from October 20th, 1872, and the costs of this proceeding.